IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW R. MORECRAFT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–0458−SMY |
| | ) | |
| JOHN BALDWIN, | ) | |
| NICHOLAS LAMB, | ) | |
| DEEDEE BROOKHART, and | ) | |
| DAVID VAUGHN | ) | |
| | | |
| Defendants. | | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Andrew R. Morecraft, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks declarative relief, injunctive relief, and damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff has been incarcerated at Lawrence Correctional Center since July 2016. (Doc. 1, p. 5). He practices the Asatru religion, also known as Odinism. *Id*. Plaintiff has practiced his faith for nearly 6 years and credits it with giving him perspective and self-control. *Id*. He denies being a member of any gang. *Id*.

Asatru practitioners use runes made from small pieces of engraved wood, altar cloths with faith symbols, and wear medallions. (Doc. 1, p. 6). It is also traditional to feast after religious ceremonies and to honor the High Feast days. *Id*. Plaintiff believes that there are approximately 30 other Asatru practitioners at Lawrence. (Doc. 1, p. 7).

Plaintiff alleges that Lawrence officials have denied requests for weekly group worship sessions for Asatru practitioners, outdoor group worship sessions with accompanying ritual items, ritual feasting, possession of personal medallions for religious purposes, and celebration of the Asatru holy days. (Doc. 1, pp. 7-8). Specifically, he alleges that Defendant Vaughn has ignored his requests for services multiple times. (Doc. 1-1, p. 4). Plaintiff's exhibits also show that he wrote to Defendant Brookhart multiple times about his request. (Doc. 1-1, pp. 38-41). Plaintiff further alleges that his religious items were taken during a shakedown on November 25,

2017 and that he was issued a disciplinary report for possessing the items. (Doc. 1, p. 8) (Doc. 1-1, p. 7).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 Counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1** – Baldwin, Lamb, Vaughn and Brookhart substantially burdened Plaintiff's practice of the Asatru religion when they denied him access to group worship services in violation of the First Amendment;
>
> **Count 2** – Baldwin, Lamb, Brookhart, and Vaughn violated Plaintiff's rights under the Religious Land Use and Incarcerated Persons Act (RLUIPA) when they denied him access to group worship services.

### Count 1 – First Amendment Claim

As to Plaintiff's First Amendment claim, an inmate is entitled to practice his religion under the First Amendment "insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990). A rule impinging on that right "is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Restrictions on access to religious services and other opportunities are reviewed under the *Turner* factors: (1) whether there is a valid and rational connection between the regulation prohibiting access and a legitimate governmental interest to justify it; (2) whether there are alternative means of exercising the right to practice religion that remain open to inmates; (3) whether accommodation of the right to practice would have a significant impact on prison staff or other inmates; and (4) whether the regulation is reasonable in terms of allowing prisoners use of available alternatives. *Turner*, 482 U.S. at 78; *see also Beard v. Banks*, 548 U.S. 521 (2006).

Plaintiff has alleges that he has sincerely held beliefs in the Asatru religion, that IDOC recognizes Asatru as a religion, but that he has still not been permitted to hold outdoor group services, conduct rituals, celebrate feast days, and possess religious items. These allegations are sufficient to state a First Amendment claim at the pleading stage. That said, although Plaintiff has named Defendants Baldwin, Lamb, Brookhart, and Vaughn in connection with this claim, his exhibits and statement of claim only allege that he complained to Brookhart and Vaughn (and others not named in this litigation). In fact, he has not mentioned Baldwin and Lamb at all in his statement of facts and there is no plausible allegation that Baldwin and Lamb were personally involved in the decision to deny Plaintiff services. If they were not personally involved, they cannot be held liable for monetary damages. Therefore, Baldwin and Lamb will be dismissed without prejudice from **Count 1**.

### Count 2 – RLUIPA Claim

The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). Significantly however, money damages are not available to a plaintiff under RLUIPA. *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (money damages are not available in suits against a state under the RLUIPA. Further, money damages cannot be awarded against public employees in their personal or individual capacities (citing *Sossamon v. Texas*, 563 U.S. 277 (2011)); *see also Will v. Michigan Department of State Police*, 491 U.S. 58 (1989); *Nelson v. Miller*, 570 F.3d 868 (7th Cir. 2009)).

Here, Plaintiff requests that he be permitted to practice the Asatru religion. He has also named the current warden of Lawrence, Nicholas Lamb, and John Baldwin, the director of the IDOC as defendants in their official capacity. Lamb and Baldwin are appropriate parties for the purposes of injunctive relief. As Plaintiff has requested relief that may be available under the more generous pleading standards of RLUIPA, his claim will be permitted to proceed at this time.

The Court emphasizes however, that only injunctive relief is available under that statute and that Lamb and Baldwin only participate in this litigation in their official capacity as Warden of Lawrence and the Director of the IDOC, respectively. Plaintiff has named Brookhart and Vaughn in connection with this claim as well, but as Plaintiff has named higher ranking officials, their addition to this claim is superfluous and they will be dismissed from Count 2 without prejudice.

Plaintiff also alleges that he was improperly disciplined for having religious items in his cell. The Court does not construe that incident as a separate claim in this case because Plaintiff has not alleged that any of the named defendants participated in that incident. Without a proper defendant, the claim fails. If Plaintiff intends to bring a claim based on the disciplinary incident, he should file an amended complaint stating that explicitly.

## Pending Motions

On April 9, 2018, Plaintiff submitted a motion "for File Stamped Copy," seeking copies "of the information I sent you." (Doc. 6). The Court does not provide free copies to litigants; even those litigants proceeding pro se. *See Robinson v. Miscellaneous*, No. 09C0148, 2009 WL 1649697, at *4 (E.D. Wis. June 11, 2009) (quoting *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990)) ("Although the plaintiff was granted leave to proceed in the district court as a pauper, that

5

status waives only prepayment of fees and costs and security . . . . It does not give the litigant a right to have documents copied and returned to him at government expense."). If Plaintiff wishes the Court to make copies for him, the fee is $.50 per page. Should Plaintiff wish to purchase copies, he should submit payment to the Clerk's Office and identify by number which document(s) he seeks copies of. Plaintiff's Motion is **DENIED**. (Doc. 6).

### Disposition

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Brookhart and Vaughn only. **Count 2** survives threshold review against Baldwin and Lamb only. Plaintiff's Motion for copies is **DENIED**. (Doc. 6).

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Baldwin, Lamb, Brookhart, and Vaughn: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting

6

service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 21, 2018**

s/ STACI M. YANDLE
**U.S. District Judge**
